UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALBERTO HOYOS,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, P.O. SCOTT HARRISON, Shield No. 12787, Individually and in his Official Capacity, P.O. ARI ARVON, Shield No. 9506, Individually and in his Official Capacity, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.
---------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 02 2010 ★
BROOKLYN OFFICE

**COMPLAINT**

**10 cv 4033**

**JURY TRIAL DEMANDED**

**ECF CASE**

GERSHON, J

POHORELSKY, M.J.

    Plaintiff, Alberto Hoyos, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Hispanic-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. SCOTT HARRISON, P.O. ARI ARVON, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On March 6, 2008, at approximately 2:30 a.m., plaintiff Alberto Hoyos was lawfully in the vicinity of the North West Intersection of the Grand Central Parkway and the Long Island Expressway, County of Queens, City and State of New York.

14. Plaintiff Alberto Hoyos was seated in a driver's seat and parked in a parking lot of a Dunkin' Donuts with his keys in the ignition of his 2003 Infinity.

15. Earlier that evening, plaintiff Alberto Hoyos had dinner at a friend's house. Since it was late, plaintiff decided to sleep on his friend's couch for a little while and then woke up to drive home.

16. Since plaintiff Alberto Hoyos had just been sleeping, plaintiff Alberto Hoyos was tired and pulled into the Dunkin' Donuts where he sat for a few moments before going inside to purchase some coffee.

17. While sitting in his car in the parking lot, plaintiff Alberto Hoyos was approached by a defendant Police Officer.

18. Despite being fatigued, plaintiff Alberto Hoyos answered the defendants' questions coherently.

19. The defendant police officer then called his friend, a fellow police officer, and asked his friend if his friend wanted a "collar."

20. Soon, in the response to the phone call, P.O. HARRISON and P.O. ARVON appeared and questioned plaintiff Alberto Hoyos.

21. Notwithstanding the lack of any incriminating evidence against plaintiff Alberto Hoyos, defendant officers arrested plaintiff Alberto Hoyos and charged him with VTL 1192.3 Operating a Motor Vehicle under the Influence of Drugs or Alcohol.

22. At no time on March 6, 2008 did plaintiff Alberto Hoyos operate a motor vehicle in violation of VTL 1192.3.

23. In connection with this arrest, defendants filled out false and misleading police reports, littered with contradictions, and forwarded these reports to prosecutors in the Queens County District Attorney's office.

24. As a result of this unlawful arrest, plaintiff Alberto Hoyos spent approximately one day in jail, and was required to make multiple court appearances for twenty months (20) months to defend himself against the false charges which defendants had filed against him.

25. Notwithstanding defendants' unlawful and perjurious conduct, on November 19, 2009, all charges against plaintiff Alberto Hoyos were dismissed by the Honorable G. Lopez after plaintiff Alberto Hoyos was acquitted at trial.

26. As a result of the foregoing, plaintiff Alberto Hoyos sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff Alberto Hoyos of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of defendants' aforementioned conduct, plaintiff Alberto Hoyos was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other

physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants searched plaintiff Alberto Hoyos in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

38. As a result of the foregoing, plaintiff Alberto Hoyos was subjected to an illegal and improper search.

39. The foregoing unlawful search violated plaintiff Alberto Hoyos's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Alberto Hoyos.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Alberto Hoyos.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff Alberto Hoyos.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Alberto Hoyos.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff Alberto Hoyos.

49. Defendants acted with malice in continuing criminal proceedings against Alberto Hoyos.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff Alberto Hoyos's favor on November 19, 2009, when he was acquitted by a jury and all charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants issued legal process to place plaintiff Alberto Hoyos under arrest.

55. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

56.   Defendants acted with intent to do harm to plaintiff Alberto Hoyos, without excuse or justification.

57.   As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

58.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" as if the same were more fully set forth at length herein.

59.   Defendant created false evidence against plaintiff Alberto Hoyos.

60.   Defendant forwarded false evidence and false information to prosecutors in the Queens County District Attorney's office.

61.   In creating false evidence against plaintiff Alberto Hoyos, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62.   As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

63.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64. Defendants arrested and incarcerated plaintiff Alberto Hoyos in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Alberto Hoyos.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Alberto Hoyos as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Alberto Hoyos as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Alberto Hoyos was incarcerated unlawfully for one day.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Alberto Hoyos.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Alberto Hoyos's constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff Alberto Hoyos of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

74. As a result of the foregoing, plaintiff Alberto Hoyos is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Alberto Hoyos demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       September 1, 2010

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396